UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHARPER IMPRESSIONS PAINTING CO.,**

   **Plaintiff,**

 v.

**MICHAEL THIEDE,** *et al.***,**

   **Defendants.**

**Civil Action 2:21-cv-2245**
**Chief Judge Algenon L. Marbley**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

Plaintiff, Sharper Impressions Painting Co., an Ohio citizen, brings this action against Michael Thiede, Kerry Lynn Thiede, and Kerry's Fine Painting LLC (collectively "Defendants"), citizens of Georgia, alleging that Defendant Michael Thiede breached an employment agreement with Plaintiff and that all three Defendants tortiously interfered with Plaintiff's business relationships and misappropriated Plaintiff's trade secrets.  This matter is before the Court on Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of Georgia.  (ECF No. 14.)  For the following reasons, Defendants' Motion is **DENIED**.

### I.  BACKGROUND

Plaintiff provides high-quality professional interior and exterior painting services to residential and commercial customers in multiple states, including Ohio, Tennessee, Georgia, Indiana, and Missouri/Kansas.  (Compl. ¶ 5, ECF No. 1.)  On or about February 19, 2014, Defendant Michael Thiede entered into an Agreement with Sharper Impressions to provide sales

management to Sharper Impressions in the Atlanta, Georgia market. (*Id.* ¶ 19; Agreement, ECF No. 1-1.) The Agreement contained a restrictive covenant that prevents Michael Thiede, during the term of the Agreement and for 18 months thereafter, from competing directly or indirectly with Plaintiff within a radius of 50 miles of any office where Plaintiff conducts business. (Agreement ¶ 4, ECF No. 1-1.) The Agreement defines "direct or indirect competition" to include owning, managing, or providing services as an employee or independent contractor to a residential or commercial painting business and soliciting Plaintiff's employees, contractors, or customers in relation to another residential or commercial painting business. (*Id.* ¶ 5.) The Agreement also requires Michael Thiede to protect the confidentiality of Plaintiff's confidential and trade secret information, including Plaintiff's business practices and strategies and contact information for Plaintiff's employees, contractors, and customers. (*Id.* ¶¶ 6–7.) The Agreement contains a choice-of-law provision, stating that the Agreement and any dispute arising out of it shall be interpreted under the laws of the State of Ohio. (*Id.* ¶ 10.) Of particular importance to the present Motion, the Agreement also contains a forum selection clause, in which

> [Michael Thiede] agrees that the sole and exclusive jurisdiction for any proceeding related to this Agreement is with the Madison County, Ohio Court of Common Pleas or the United States District Court for the Southern District of Ohio, Eastern Division. [Michael Thiede] further submits to the jurisdiction of those Courts, and waives any argument concerning lack of personal jurisdiction or improper venue.

(*Id.*)

Plaintiff alleges that after working for Plaintiff for seven years, and while the Agreement was in effect, Michael Thiede, along with his wife, Defendant Kerry Lynn Thiede, began operating Defendant Kerry's Fine Painting, LLC, within 50 miles of Plaintiff's Atlanta office in April 2020. (Compl. ¶ 31, ECF No. 1.) Plaintiff alleges that Kerry's Fine Painting provides interior and exterior painting services for residential and commercial customers in competition with Plaintiff. (*Id.* ¶¶ 8, 41.) In addition to allegedly breaching the non-competition provisions

of the Agreement, Plaintiff alleges that Defendants also breached the non-solicitation provisions by soliciting Plaintiff's contractors and customers to deal with Kerry's Fine Painting. (*Id.* ¶¶ 31– 42.) Plaintiff further alleges that although Defendants hold out Kerry Lynn Thiede as the sole owner and operator of Kerry's Fine Painting, Michael Theide is, in fact, also an owner and manager of Kerry's Fine Painting. (*Id.* ¶ 43.)

Michael Thiede resigned his position with Plaintiff in December 2020. (*Id.* ¶ 29.) After discovering Michael Thiede's involvement with Kerry's Fine Painting, Plaintiff commenced this action on May 3, 2021. (Compl., ECF No. 1.) Defendants filed the present motion to transfer venue to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) on May 6, 2021. (ECF No. 14.) The parties have since entered into an agreed preliminary injunction which prevents Defendants from competing with Plaintiff or soliciting Plaintiff's customers or contractors (ECF No. 18); however, the parties have not reached an agreement as to Defendants' venue challenge. Plaintiff filed a memorandum in opposition to Defendants' Motion on May 7, 2021 (ECF No. 15). Defendants have not filed a reply, and the time to do so has now expired.

## II. STANDARDS GOVERNING TRANSFER OF VENUE

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." The moving party bears the burden of demonstrating that a change of venue is warranted. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F.Supp.2d 1039, 1049 (S.D. Ohio 2002). District courts have broad discretion in ruling on a motion to transfer under § 1404. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). This provision codifies the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is another federal Court. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 61 (2013). When a

forum selection clause is not implicated, a district court considering a § 1404(a) motion must evaluate both the convenience of the parties and various public-interest considerations. *Id.* at 62.

The analysis involves three steps. *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016). First, the court determines the amount of deference to be accorded the plaintiff's choice of forum. *Id.* Generally, the plaintiff's choice of its home forum is accorded substantial deference because it is assumed to be convenient. *Id.*

Step two requires the defendant to establish the availability of an adequate alternative forum. Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction. *Solari v. Goodyear Tire & Rubber Co.*, 654 F. App'x 763, 766 (6th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). "In rare cases an alternative forum may provide a remedy so 'clearly inadequate or unsatisfactory that it is no remedy at all'—for example 'where the alternative forum does not permit litigation of the subject-matter of the dispute.'" *Id.* (quoting *Piper Aircraft*, 454 U.S. at 254 & n.22 (1981)). "Law that is simply less favorable to the plaintiff in the alternative forum is not so extraordinary as to render that forum inadequate." *Hefferan*, 828 F.3d at 495.

Step three requires the court to consider the private and public interests implicated by dismissal or retention of the case in the plaintiff's chosen forum. *Hefferan*, 828 F.3d at 493. The relevant private and public factors include access to witnesses and evidence; availability of compulsory process; cost of obtaining witnesses, willing or otherwise; administration difficulties for the trial court; local interest in the litigation; and the law applicable to the controversy. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl.*

*Marine*, 571 U.S. at 63 (quoting *Stewart*, 487 U.S. at 31). First, the plaintiff's choice of forum is accorded no deference. *Id.* Ordinarily, a plaintiff may exercise its "venue privilege" by choosing among the available forums where jurisdiction and venue are proper. "But when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.*[1]

Second, the parties' private interests are given no consideration. *Id.* at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Therefore, as the plaintiff's choice of forum and the parties' private interests carry no weight, all that remains is for the court to evaluate the public interest factors. *Id.* "Because those factors will rarely defeat" a forum selection clause, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* Indeed, the Supreme Court has emphasized that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59–60 (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J. concurring)).

### III. ANALYSIS

**A. The forum selection clause is binding on Michael Thiede.**

Michael Thiede acknowledges that he agreed to the forum selection clause naming this Court as the appropriate forum for disputes arising out of the Agreement between himself and Plaintiff. (Mot. 6, ECF No. 14.) He also acknowledges that "such a provision 'will almost always control.'" (*Id.* (quoting *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365,

---

[1] This alteration is of marginal importance in this case as it is Defendants, not Plaintiff, who seek to avoid the forum selection clause.

370 (6th Cir. 2008)).) Yet he argues that the public interest factors that the Court may still consider in the presence of a valid forum selection clause weigh in favor of transfer. (*Id.*) Specifically, he contends that "the local interest in having localized controversies decided at home" weighs in favor of transferring the action to the Northern District of Georgia. (*Id.* (quoting *Atl. Marine*, 571 U.S. at 63 n.6).) As support for the localized nature of the action, Defendants state only that "[t]he nature of competition in the commercial and residential painting industry around Atlanta, Georgia is the key factual context for this litigation." (*Id.*) But Defendants do not explain what is unique about the Atlanta, Georgia painting industry that prevents the dispute from being appropriately resolved in this Court. Moreover, Defendants have made no showing that this case presents a localized controversy. A dispute between Atlanta residents, and the company they own and manage in Atlanta, on one hand, and an Ohio corporation on the other hardly presents a dispute localized to the Atlanta area. In accordance with the Supreme Court's guidance that public interest factors will rarely require a case to be heard in a forum other than the one the parties agreed to, the undersigned finds the public interest factors identified by Defendants to be outweighed by Michael Thiede's agreement to litigate this case in this Court.

Defendants also argue in passing that the forum selection clause is not enforceable, contending that "enforcement would effectively deprive [Michael Thiede] of 'a meaningful day in court.'" (Mot. 7, ECF No. 14 (quoting *Preferred Capital, Inc. v. Assocs. in Urology,* 453 F.3d 718, 722–23 (6th Cir. 2006)).) Specifically, Defendants argue that litigating in this Court "will deprive him of practical access to live testimony by individuals or customers he allegedly lured away from Plaintiff before a judge and jury familiar with the local geography and custom in the Northern District of Georgia of preferring to do business with friends and family." (*Id.*) Yet as

6

Plaintiff points out, the Agreement is governed by Ohio law, and Defendants have not challenged this choice-of-law provision. And the alleged custom in Atlanta of preferring to do business with friends and family has no bearing on the contractual issues of this case. Nor does the fact that witnesses are located out of state render application of the forum selection clause so unjust as to deprive Defendants of a meaningful day in court. Indeed, the *Atlantic Marine* court acknowledged that enforcement of forum selection clauses will often lead to inconvenience for parties or their witnesses, but affirmed the importance of enforcing forum selection clauses in all but the most exceptional cases. *See* 571 U.S. at 54, 59–60. Moreover, to the extent live testimony is required from Atlanta customers or contractors, it may be taken via video if the witnesses are unable or unwilling to travel.

In short, Defendants have made no showing that this is a "most exceptional case" that deprives the forum selection clause of controlling weight. Accordingly, the undersigned finds the forum selection clause to be binding on Michael Thiede.

**B.       The forum selection clause is binding on the non-signatory Defendants.**

The bulk of Defendants' argument for transfer turns on Defendants Kerry Lynn Thiede and Kerry's Fine Painting, LLC's status as non-signatories to the forum selection clause. Yet in appropriate circumstances, application of a forum selection clause to non-signatories is warranted. *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1105–06 (6th Cir. 1997). Namely, "to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Id.* (quoting *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209–10 (7th Cir. 1993) and *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir. 1988)). "Courts take a commonsense approach when determining whether it was foreseeable to a non-signatory that she may be bound." *Mahan v. Core Values Roadside Serv., LLC*, No. 1:19-CV-480 (WOB), 2020 WL 1291589, at *3 (S.D.

Ohio Mar. 18, 2020) (citing *Regions Bank v. Wyndham Hotel Mgmt., Inc.*, No. 3:09-1054, 2010 WL 908753, at *5 (M.D. Tenn. Mar. 12, 2010) and *Washburn v. Garner,* No. 5:04-cv-228, 2005 WL 1907530, *11 (W.D. Ky. Aug. 10, 2005)). This approach "places emphasis on whether it should have been reasonably foreseeable to the non-signatory that a situation might arise in which the non-signatory would become involved in a dispute relevant to the contract." *Id.*

The necessary close relation and foreseeability have been satisfied in cases in which the signatory owned or controlled the non-signatory defendants. *See*, *e.g.*, *Hugel*, 999 F. 2d at 210; *G.C. Franchising Sys., Inc. v. Kelly*, No. 1:19-CV-49, 2021 WL 1209263, at *3 (S.D. Ohio Mar. 31, 2021). Non-signatories may also be bound by a forum selection clause when they assist the signatory, or have direct involvement, in the events giving rise to the lawsuit. *See Mahan*, 2020 WL 1291589, at *3–4 (enforcing forum selection clause against non-signatory who assisted the signatory in the business operations that led to the litigation); *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1056-57 (D. Minn. 2008) (noting that a close relationship and the pursuit of a common interest were important factors in deciding whether to subject a non-signatory to a forum selection clause).

Here, the parties dispute the level of involvement by Michael Thiede in operating Kerry's Fine Painting. Defendants admit only that Michael Thiede "advis[ed] [his] wife on a periodic basis." (Thiede Decl. ¶ 15, ECF No. 14-1.) Yet Plaintiff alleges that Michael Thiede is "directly or indirectly[ ] an owner and manager of [Kerry's Fine Painting] and was and is providing services to [Kerry's Fine Painting]." (Compl. ¶ 43, ECF No. 1.) As it is Defendants' burden to demonstrate that transfer is warranted, and as Defendants have not come forward with any

documentary or testimonial evidence that Plaintiff's allegations are incorrect,[2] the undersigned will credit Plaintiff's version of the facts. Under such circumstances, where Michael Thiede is alleged to be an owner or manager providing services to Kerry's Fine Painting, the undersigned finds the "close relationship" necessary to apply the forum selection clause to non-signatories satisfied. As Michael and Kerry Lynn Thiede are spouses and alleged business partners, who both allegedly own Kerry's Fine Painting, and had direct involvement in the events giving rise to the instant lawsuit, it should have been foreseeable to them that their joint business efforts in competition with Plaintiff could subject them and their business to the forum selection requirements of the Agreement.

Moreover, even if the forum selection clause were not enforceable against the non-signatories, judicial economy would still favor litigating Plaintiffs' claims against Kerry Lynn Thiede and Kerry's Fine Painting in the same venue as Plaintiffs' claims against Michael Thiede, which unquestionably belong in this Court. For this additional reason, transfer of Plaintiff's claims against Kerry Lynn Thiede and Kerry's Fine Painting to the Northern District of Georgia is unwarranted.

## IV. DISPOSITION

In sum, for the foregoing reasons, the undersigned finds the Agreement's forum selection clause to be enforceable against all Defendants. As a result, Defendants' Motion to Transfer

---

[2] Defendants attach the declaration of Michael Thiede to their Motion (ECF No. 14-1); however, the declaration does not state that Michael Thiede is *not* an owner of Kerry's Fine Painting, and Defendants have not submitted any documentation to support their representation that Kerry's Fine Painting is "wholly owned and operated by [Kerry Lynn Thiede]." (Mot. 1, ECF No. 14.) Moreover, Mr. Thiede's declaration that he "advis[ed] [his] wife on a periodic basis" is not inconsistent with Plaintiff's allegations that he "was and is providing services" to Kerry's Fine Painting. (Thiede Decl. ¶ 15, ECF No. 14-1; Compl. ¶ 43, ECF No. 1.)

Venue to the United States District Court for the Northern District of Georgia (ECF No. 14) is **DENIED**.

    **IT IS SO ORDERED.**

                                              /s/ *Chelsey M. Vascura*
                                              CHELSEY M. VASCURA
                                              UNITED STATES MAGISTRATE JUDGE