**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

SHARPER IMPRESSIONS PAINTING CO,      :

                Plaintiff,              : Case No. 2:21CV2245

            vs.                   : JUDGE MARBLEY

MICHAEL THIEDE, et al          : MAGISTRATE JUDGE VASCURA

               Defendants.           :

**FIRST AMENDED ANSWER OF ALL DEFENDANTS AND COUNTER CLAIM OF
DEFENDANT MICHAEL THIEDE**

Now come Defendants Michael Thiede, Kerry Lynn Thiede, and Kerry's Fine Painting LLC, (Collectively "Defendants") by and through undersigned counsel to Answer Plaintiff's Complaint.

1. ¶1 of Plaintiff's Complaint does not provide allegations for Defendants to respond to, to the extent Defendants are required to respond to the allegations in ¶1 they deny.

2. Defendants Deny the allegations in ¶2 of the Plaintiff's Complaint.

3. Defendants Deny the allegations in ¶3 of the Plaintiff's Complaint.

4. ¶4 of Plaintiff's Complaint does not provide allegations for Defendants to respond to, to the extent Defendants are required to respond to the allegations in ¶4 they deny.

5. Defendants Admit the allegations in ¶5 of the Complaint.

6. Defendants Admit that Defendant M. Thiede is a resident of and domiciled in Georgia and was contracted with Plaintiff beginning in February 2014. Defendants Deny any remaining allegations in ¶6.

7. Defendants Admit the allegations in ¶7 of Plaintiff's Complaint.

1

8.  Defendants Admit the allegations in ¶8 of Plaintiff's Complaint.

9.  Defendants Admit that Plaintiff seeks injunctive relief in ¶9 and that there is diversity between the Parties, but Deny the damages exceed $75,000.00.

10. Defendants Admit that Plaintiff is brining allegations under the Computer Fraud and Abuse Act, and Deny any remaining allegations in ¶10.

11. Defendants Deny the allegations in ¶11 of Plaintiff's Complaint and aver that Defendants have filed a Motion to Transfer Venue (Doc. # 14) which has been denied by the Court.

12. Defendants Deny the allegations in ¶12 of Plaintiff's Complaint and aver that Defendants have filed a Motion to Transfer Venue (Doc. # 14) which has been denied by the Court.

13. Defendants Deny the allegations in ¶13 of Plaintiff's Complaint and aver that Defendants have filed a Motion to Transfer Venue (Doc. # 14) which has been denied by the Court.

14. Defendants Admit the allegations in ¶14 of Plaintiff's Complaint.

15. For lack of knowledge and information Defendants Deny the allegations in ¶15 of Plaintiff's Complaint.

16. Defendants Deny the allegations in ¶16 of Plaintiff's Complaint.

17. Defendants Admit the allegations in ¶17 of Plaintiff's Complaint.

18. Defendants Deny the allegations in ¶18 of Plaintiff's Complaint.

19. Defendants Admit the allegations in ¶19 of Plaintiff's Complaint.

20. Defendants Deny the allegations in ¶20 of Plaintiff's Complaint.

21. Defendants respond to the subparts of ¶21 of Plaintiff's Complaint as follows

    a.  Defendants Admit subpart a

    b.  Defendants Deny subpart b

    c.  Defendants Deny subpart c

       d.   Defendants Deny subpart d

       e.   Defendants Deny subpart e

22. Defendants Deny the allegations in ¶22 of Plaintiff's Complaint.

23. Defendants Deny the allegations in ¶23 of Plaintiff's Complaint. Defendants aver that Defendant M. Thiede signed the Agreement attached to Plaintiff's Complaint and that it speaks for itself.

24. Defendants Admit that the Agreement is accurately quoted but Deny any factual allegations or legal enforceability of the Agreement asserted in ¶24 of Plaintiff's Complaint.

25. Defendants Admit that the Agreement is accurately quoted but Deny any factual allegations or legal enforceability of the Agreement asserted in ¶25 of Plaintiff's Complaint.

26. Defendants Admit that the Agreement is accurately quoted but Deny any factual allegations or legal enforceability of the Agreement asserted in ¶26 of Plaintiff's Complaint.

27. Defendants Admit that the Agreement is accurately quoted but Deny any factual allegations or legal enforceability of the Agreement asserted in ¶27 of Plaintiff's Complaint.

28. Defendants Admit that the Agreement is accurately quoted but Deny any factual allegations or legal enforceability of the Agreement asserted in ¶28 of Plaintiff's Complaint.

29. Defendants Deny the allegations in ¶29 of Plaintiff's Complaint.

30. Defendants Deny the allegations in ¶30 of Plaintiff's Complaint.

31. Defendants Deny the allegations in ¶31 of Plaintiff's Complaint.

32. Defendants Admit the allegations in ¶32 of Plaintiff's Complaint.

33. Defendants Admit the allegations in ¶33 of Plaintiff's Complaint.

34. Defendants Amit the allegations in ¶34 of Plaintiff's Complaint.

35. Defendants Admit the allegations in ¶35 of Plaintiff's Complaint.

36. Defendants Deny the allegations in ¶36 of Plaintiff's Complaint.

37. Defendants Deny the allegations in ¶37 of Plaintiff's Complaint.

38. Defendants Deny the allegations in ¶38 of Plaintiff's Complaint.

39. Defendants Deny the allegations in ¶39 of Plaintiff's Complaint.

40. Defendants Deny the allegations in ¶40 of Plaintiff's Complaint.

41. Defendants Deny the allegations in ¶41 of Plaintiff's Complaint.

42. Defendants respond to the subpart as follows:

   a. Deny the allegations of subpart a

   b. Admit that a review was published and speaks for itself and Deny all remaining allegations in subpart b

   c. Admit that a review was published and speaks for itself and Deny all remaining allegations in subpart c

   d. Admit the allegations of subpart d

   e. Deny the allegations of subpart e

43. Defendants Deny the allegations in ¶43 of Plaintiff's Complaint.

44. Defendants Deny the allegations in ¶44 of Plaintiff's Complaint. Defendants aver that Plaintiff hired a Project Manager who oversaw Plaintiff's projects after Defendant M. Thiede completed the contract with a customer.

45. Defendants Deny the allegations in ¶45 of Plaintiff's Complaint.

46. Defendants Deny the allegations in ¶46 of Plaintiff's Complaint.

47. Defendants Admit the allegations in ¶41 of Plaintiff's Complaint to the extent that Defendant M. Thiede was provided a company computer and cell phone, and was required to return it to Plaintiff, Defendants Deny any other allegations. Defendants further aver that

4

in 2019 Defendant M. Thiede's Plaintiff provided computer malfunctioned and he provided the broken computer back to Plaintiff, and Plaintiff replaced the computer.

48. Defendants Deny the allegations in ¶48 of Plaintiff's Complaint. Defendants aver that all the information on the devices should be backed up to a Plaintiff controlled cloud storage unit.

49. Defendants Deny the allegations in ¶49 of Plaintiff's Complaint.

50. Defendants Admit the allegations in ¶50 of Plaintiff's Complaint.

51. Defendants Deny the allegations in ¶51 of Plaintiff's Complaint. Defendants aver that all hardware was returned to Plaintiff.

52. For lack of knowledge and information Defendants Deny the allegations in ¶52 of Plaintiff's Complaint.

53. Defendants Deny the allegations in ¶53 of Plaintiff's Complaint.

54. Defendants Deny the allegations in ¶54 of Plaintiff's Complaint.

55. Defendants Deny the allegations in ¶55 of Plaintiff's Complaint.

56. Defendants Deny the allegations in ¶56 of Plaintiff's Complaint.

57. Defendants Deny the allegations in ¶57 of Plaintiff's Complaint.

58. Defendants Deny the allegations in ¶58 of Plaintiff's Complaint.

59. Defendants Deny the allegations in ¶59 of Plaintiff's Complaint.

60. Defendants Deny the allegations in ¶60 of Plaintiff's Complaint.

61. Defendants Deny the allegations in ¶61 of Plaintiff's Complaint.

62. Defendants Deny the allegations in ¶62 of Plaintiff's Complaint.

63. Defendants Deny the allegations in ¶63 of Plaintiff's Complaint.

64. Defendants Deny the allegations in ¶64 of Plaintiff's Complaint.

65. Defendants Deny the allegations in ¶65 of Plaintiff's Complaint.

66. Defendants Deny the allegations in ¶66 of Plaintiff's Complaint.

67. To the extent a response is required to ¶67 Defendants Deny.

68. Defendants Deny the allegations in ¶68 of Plaintiff's Complaint.

69. Defendants Deny the allegations in ¶69 of Plaintiff's Complaint.

70. Defendants Deny the allegations in ¶70 of Plaintiff's Complaint.

71. Defendants Deny the allegations in ¶71 of Plaintiff's Complaint.

72. To the extent a response is required to ¶72 Defendants Deny.

73. Defendants Admit the allegations in ¶73 of Plaintiff's Complaint.

74. Defendants Deny the allegations in ¶74 of Plaintiff's Complaint.

75. Defendants Deny the allegations in ¶75 of Plaintiff's Complaint.

76. Defendants Deny the allegations in ¶76 of Plaintiff's Complaint.

77. Defendants Deny the allegations in ¶77 of Plaintiff's Complaint.

78. Defendants Deny the allegations in ¶78 of Plaintiff's Complaint.

79. To the extent a response is required to ¶79 Defendants Deny.

80. Defendants Admit the allegations in ¶80 of Plaintiff's Complaint.

81. Defendants Deny the allegations in ¶81 of Plaintiff's Complaint.

82. Defendants Deny the allegations in ¶82 of Plaintiff's Complaint.

83. Defendants Deny the allegations in ¶83 of Plaintiff's Complaint.

84. Defendants Deny the allegations in ¶84 of Plaintiff's Complaint.

85. To the extent a response is required to ¶85 Defendants Deny.

86. Defendants aver that the Agreement attached to Plaintiff's Complaint speaks for itself and
    Deny any remaining allegations in ¶86.

87. This paragraph calls for a legal conclusion that Defendants are not required to respond to, to the extent a response is required Defendants Deny the allegations in ¶87 of Plaintiff's Complaint.

88. Defendants Deny the allegations in ¶88 of Plaintiff's Complaint.

89. Defendants Deny the allegations in ¶89 of Plaintiff's Complaint.

90. Defendants Deny the allegations in ¶90 of Plaintiff's Complaint.

91. Defendants Deny the allegations in ¶91 of Plaintiff's Complaint.

92. Defendants Deny the allegations in ¶92 of Plaintiff's Complaint.

93. To the extent a response is required to ¶93 Defendants Deny.

94. Defendants Deny the allegations in ¶94 of Plaintiff's Complaint.

95. Defendants Deny the allegations in ¶95 of Plaintiff's Complaint.

96. Defendants Deny the allegations in ¶96 of Plaintiff's Complaint.

97. Defendants Deny the allegations in ¶97 of Plaintiff's Complaint.

98. Defendants Deny the allegations in ¶98 of Plaintiff's Complaint.

99. Defendants Deny the allegations in ¶99 of Plaintiff's Complaint.

100. Defendants Deny the allegations in ¶100.

101. To the extent a response is required to ¶101 Defendants Deny.

102. Defendants Deny the allegations in ¶102.

103. Defendants Deny the allegations in ¶103.

104. Defendants Deny the allegations in ¶104.

105. Defendants Deny the allegations in ¶105.

106. Defendants Deny the allegations in ¶106.

107. Defendants Deny the allegations in ¶107.

108.    Defendants Deny the allegations in ¶108.

109.    Defendants Deny the allegations in ¶109.

110.    Defendants Deny the allegations in ¶110.

111.    Defendants Deny the allegations in ¶111.

112.    Defendants Deny the allegations in ¶112.

113.    Defendants Deny the allegations in ¶113.

114.    To the extent a response is required to ¶114 Defendants Deny.

115.    Defendants Deny the allegations in ¶115.

116.    Defendants Deny the allegations in ¶116.

117.    Defendants Deny the allegations in ¶117.

118.    Defendants Deny the allegations in ¶118.

119.    Defendants Deny the allegations in ¶119.

120.    Defendants Deny the allegations in ¶120.

121.    Defendants Deny the allegations in ¶121.

122.    Defendants Deny the allegations in ¶122.

**Affirmative Defenses**

**First Affirmative Defense**

123.    Plaintiff's Complaint fails to state a claim for which relief can be granted.

**Second Affirmative Defense**

124.    Plaintiff has failed to mitigate its damages

**Third Affirmative Defense**

125.    Plaintiff is barred from recovery based on the doctrine of unclean hands.

**Fourth Affirmative Defense**

8

126.    Plaintiff has not suffered any damages based on the alleged conduct of Defendants

**Fifth Affirmative Defense**

127.    At all times Defendants have acted in good faith.

**Sixth Affirmative Defense**

128.    The alleged contract asserted by Plaintiff is not legally enforceable.

**Seventh Affirmative Defense**

129.    Any of Plaintiff's alleged damages are based on acts of third parties outside of Defendants' control.

**Eighth Affirmative Defense**

130.    The Complaint is barred in whole or in part based on bad faith actions by Plaintiff

**Ninth Affirmative Defense**

131.    The Court lacks jurisdiction over Defendants

**Tenth Affirmative Defense**

132.    Defendants reserve the right to assert additional Affirmative defenses as discovery progresses.

**COUNTER CLAIM OF DEFENDANT MICHAEL THIEDE**

133.    In February 2014, Defendant/Counter Plaintiff Michael Thiede ("M. Thiede") contracted to work with Plaintiff/ Counter Defendant Sharper Impressions ("Counter Defendant") as its Sales Manager in Atlanta, Georgia.

134.    Shortly after entering the contract with Counter Defendant, M. Thiede attended three days of orientation in Plan City, Ohio and Columbus, Ohio.

135.    During the orientation, M. Thiede was required to attend a photo shoot at the family home of Counter Defendant Vice President Jeffry Smith.

9

136.    During the photo shoot, M. Thiede was required to pose as a painter at Mr. Smith's family home, and a professional photographer photographed him as he pantomimed painting VP Smith's family's home.

137.    Counter Defendant required M. Thiede and the other new Sales Managers to participate in the photo shoot.

138.    Counter Defendant informed M. Thiede and the other new Sales Managers that the photos would be used in direct mailer marketing materials in their new territory.

139.    M. Thiede was not asked for, nor did he provide Counter Defendant written or oral consent to use any photos taken at the photo shoot for any purpose.

140.    After the photo shoot, and without M. Thiede's written consent, Counter Defendant used the images of M. Thiede in its direct mailer marketing in the Atlanta, Georgia metropolitan market.

141.    The sole purpose of these mailers was to promote the commercial interests of Counter Defendant.

142.    Counter Defendant began sending out these mailers in early 2014, and continues to use these mailers to date.

10





143.    M. Thiede did not give his written or oral consent to Counter Defendant to use his image or likeness for commercial or any purpose in 2014, or at any point during his contract with Counter Defendant.

144.     M. Thiede did not give written or oral consent to Counter Defendant to use his image or likeness for commercial or any purpose after his contract with Counter Defendant concluded in 2020.

145.     During M. Thiede's tenure contracting with Counter Defendant, the direct mailer marketing bearing his image or likeness accounted for roughly 90% of Counter Defendant's marketing in Georgia.

146.     At no time did M. Thiede give Counter Defendant written permission or consent to use his image or likeness for commercial purposes.

147.     At no time did Counter Defendant seek M. Thiede's written permission or consent to use his image or likeness for a commercial purpose.

148.     At no time did Counter Defendant seek M. Thiede's oral permission or consent to use his image or likeness for commercial purposes.

149.     Counter Defendant never provided consideration or compensation to M. Thiede for the use of his image or likeness.

150.     Counter Defendant did not use an image of M. Thiede that was connected to any news, public affairs, or sports broadcast.

151.     The only purpose of the image of M. Thiede that Counter Defendant used was for its own commercial activity.

152.     Counter Defendant has generated significant revenue and profit based on the advertising using M. Thiede's image or likeness without his authorization.

153.     Because Counter Defendant continues to use M. Thiede's image or likeness in marketing it has not had to pay for new professional photographs or models to use in its marketing.

12

154.     Counter Defendant knows that securing a new model and photographs to produce new marketing material would take time, and cost significant monies.

155.     Continuing to use the image or likeness of M. Thiede in marketing materials confers a real and known benefit to Counter Defendant.

156.     It is unjust for Counter Benefit to reap the benefits of using M. Thiede's image or likeness without compensating him for its use.

157.     Based on Counter Defendants prior and continued unauthorized commercial use of his image or likeness, M. Thiede suffered and continues to suffer economic, and emotional harm.

158.     Based on Counter Defendants prior and continued unauthorized commercial use of his image or likeness, it continues to derive a substantial and unfair economic benefit.

## CAUSE OF ACTION

159.     **FIRST CAUSE OF ACTION: COMMERCIAL MISAPPROPRIATION**

160.     All of the allegations in the preceding paragraphs are fully incorporated and realleged herein

161.     Counter Defendant, by using and continuing to use M. Thiede's image or likeness without actual or implied consent, for its own benefit and without providing any consideration or compensation to M. Thiede, violated his right to exclusive control over his own image or likeness.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

162.     All of the allegations in the preceding paragraphs are fully incorporated and realleged herein

163.             Counter Defendant has unjustly derived benefit and enrichment, by using and continuing to use M. Thiede's image or likeness in marketing materials without his actual or implied consent or providing him compensation for the use of his image and likeness. Counter Defendant knows that it is usual and customary to pay for such a benefit that it did not pay M. Thiede for, thus Counter Defendant has and continues to be unjustly enriched in use of the marketing materials.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a.  declare that Counter Defendant engaged in common law commercial misappropriation, and received unjust enrichment with regard to the unauthorized use of M. Thiede's image or likeness.

b.             order such injunctive and equitable relief as will make M. Thiede whole for Counter Defendant's violations, including statutory, actual damages, and punitive damages in an amount in excess of $75,000.00, pre- and post-judgment interest, and costs;

c.             allow a reasonable attorneys' fee; and

e.             grant such other relief as the Court may deem appropriate.

**NOW** having fully answered Plaintiff/ Counter -Defendant Sharper Impressions' Complaint, Defendants/Counter Plaintiffs respectfully request that this Court dismiss Plaintiff/ Counter Defendant's Complaint with prejudice, and award Defendants/Counters Plaintiffs their attorneys' fees and costs.

By: */s/ Samuel M. Schlein*
Samuel M. Schlein (0092194)
*(sschlein@marshallforman.com)*
John S. Marshall (0015160)
*(jmarshall@marshallforman.com)*
Edward R. Forman (0076651)

**OF COUNSEL:**
Louis A. Jacobs (002101)

(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax  (614) 463-9780

*(eforman@marshallforman.com)*
MARSHALL AND FORMAN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

### JURY DEMAND

Counter-Plaintiff demands a trial by jury on all issues and defenses triable to a jury.

By: */s/ Samuel M. Schlein*
Samuel M. Schlein (0092194)

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed with the Court on this 6th day of

July, 2021 using the CM/ECF system, which will send notification of such filing to all counsel of

record.  Parties may access this filing through the court's filing system.

By: */s/ Samuel M. Schlein*
Samuel M. Schlein (0092194)