UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARPER IMPRESSIONS PAINTING CO, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-02245 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| MICHAEL THIEDE, et al | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO ENFORCE AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT ENTRY AND CONTEMPT OF COURT AND REQUEST FOR SANCTIONS**

Now comes Plaintiff, Sharper Impressions Painting Company (hereinafter "Plaintiff" or "Sharper"), by and through its undersigned counsel, and hereby moves this Court to enforce the Agreed Permanent Injunction and Final Judgment Entry (Doc. No. 35) and hold in contempt and impose Sanctions against Defendant Michael Thiede (hereinafter "Defendant" or "Thiede").

Plaintiff's Motion is supported by the attached Memorandum in Support and Exhibits thereto.

Respectfully submitted,

*/s/ Charles R. Dyas, Jr.*
Charles R. Dyas, Jr., Esq. (0034369)
**DYAS LAW, LLC**
P. O. Box 991
Marysville, Ohio 43040
Tel: (614) 499-5134
Fax 1-937-347-3431
cdyas@cdyaslaw.com

*Trial Attorney for Plaintiff Sharper Impressions Painting Company*

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION.**

On May 3, 2021 Plaintiff initiated this cause of action by filing a Complaint against Defendants Michael Thiede, Kerry Lynn Thiede and Kerry's Fine Painting LLC for breach of Contract, Tortious Interference with Contract, Tortious Interference with Business Relations and Injunctive Relief, (Doc. No. 1). Simultaneously with filing the Complaint Plaintiff filed a Motion for a Temporary Restraining Order, (Doc. No. 2). On May 11, 2021 this Court issued an Order granting a Temporary Restraining Order against Defendants, (Doc. No. 17). On May 17, 2021 the Parties filed an Agreed Preliminary Injunction, (Doc. No. 18).

Defendants filed an Answer, (Doc. No. 21) and Amended Answer (Doc. No. 22) to Plaintiff's Complaint and asserted Counter-Claims for Commercial Misappropriation of Thiede's likeness and Unjust Enrichment and seeking damages in excess of $75,000.00.

The Parties participated in Mediation on November 22, 2022, (Doc. No. 29). Based upon the mediation the Parties reached and agreed to a Settlement Agreement and Mutual Release, (attached hereto as **Exhibit A).** On January 6, 2022 the Parties submitted an Agreed Permanent Injunction and Final Judgment entry to the Court, (Doc. No. 34). The Court issued an Agreed Permanent Injunction and Final Judgment entry on January 25, 2022 and retained jurisdiction of this matter, (Doc. No. 35).

**II.     BASIS FOR MOTION TO ENFORCE PERMANENT INJUNCTION AND FINAL JUDGMENT ENTRY AND CONTEMPT OF COURT AND FOR SANCTIONS.**

    **A.      Defendant Thiede a Filed Complaint in U.S. District Court for the Northern District of Georgia against Plaintiff.**

On May 9, 2022, and as attached hereto as **Exhibit B**, Defendant, Thiede filed a Complaint against Plaintiff in the U.S. District Court for the Northern District of Georgia, Case No. 1:22-cv-

01838 for Wrongful Appropriation of Image and seeking damages in excess of $75,000.00 (hereinafter the "Georgia Complaint" or "Georgia case"). Thiede's Georgia Complaint asserts a claim for "Wrongful Appropriation of Image" and states: "SIPC and SIPA used Mr. Thiede's image without his knowledge or permission to gain financial advantage in the residential painting industry". Thiede asserted in his Counter-Claim set forth in the Amended Answer filed in this Court a cause of action for "Commercial Misappropriation" and stated: "Counter Defendant, by using and continuing to use M. Thiede's image or likeness without actual or implied consent, for its own benefit and without providing any consideration or compensation to M. Thiede, violated his right to exclusive control over his own image and likeness", (Doc. No. 22).  As reflected by the claims in Thiede's Georgia Complaint, and in his Counter-Claims in this case, the claims are essentially identical.

In an effort to prevent further unnecessary litigation, on May 20, 2022 correspondence was sent by Certified Mail and email to Thiede's attorney in Georgia informing him of the terms and conditions of the Settlement Agreement and Mutual Release and this Court's Permanent Injunction and Final Judgement Entry and seeking a voluntary dismissal of the Georgia Complaint, attached hereto as **Exhibit C**. On May 25, 2022, counsel for Thiede sent a response indicating that he would not voluntarily dismiss the Georgia Complaint, attached hereto as **Exhibit D**.

By filing the Georgia Complaint Thiede has effectively breached the terms and conditions of the Settlement Agreement and Mutual Release agreed to by the Parties in this case and indirectly violated this Court's Agreed Permanent Injunction and Final Judgment Entry.

    **B. Thiede Breached the Terms and Conditions of the Settlement Agreement and Mutual Release.**

By filing the Georgia Complaint Thiede breached the Mutual Release set forth in the settlement Agreement which states as follows:

"In consideration of the specific terms contain herein and for other good and valuable consideration, Defendants, for themselves and for their respective Defendants Agents, do hereby release, acquit and forever discharge Sharper, and the Sharper Agents, **from any and all claims, demands, judgment, actions, causes of action, damages, losses, attorneys' fees, costs, expenses, and liabilities of any nature related to the Litigation, whether known or unknown, fixed or contingent, at law or in equity or otherwise, and whether or not based on common law or any federal or state statute, whether suspected or unsuspected and whether now or previously or hereafter recognized, that Defendants have or may have against Sharper**. Notwithstanding anything to the contrary, this release excludes any action that may be taken by Defendants to enforce the terms of this Agreement." (Emphasis added).

Thiede's Amended Answer and Counter-Claims for Commercial Misappropriation of Thiede's likeness and Unjust Enrichment and seeking damages in excess of $75,000.00 in this case was effectively settled by the Settlement Agreement and Mutual Release. By entering into the Settlement Agreement and Mutual Release Thiede waived any right to pursue any cause of action against Plaintiff, or its subsidiaries, related to his Counter-Claims for Misappropriation of his likeness. The allegations set forth in the Georgia Complaint are seeking damages from the Plaintiff for the alleged use of Thiede's photograph on Plaintiff's marketing flyers. Essentially the same allegations as he set forth in his Counter-Claims in this case.

In the response from Thiede's Counsel he attempts to distinguish the allegations in the Georgia Complaint by indicating the distribution of the Plaintiff's marketing material occurred recently and are not barred by the Mutual Release in this case. Thiede's justification for the Georgia Complaint fails since the Mutual Release clearly includes all claims, known or unknown and whether now or previously or hereafter recognized, that Thiede had or may have against Plaintiff. The Mutual Release addresses any claim that Thiede may have against Plaintiff for the alleged misappropriation of his likeness or image at any point in time.

### C. Thiede Breached the Court's Agreed Permanent Injunction and Final Judgment Entry, (Doc No. 35).

Paragraph 10 of the Judgment Entry specifically holds:

"All other claims asserted in this action are hereby dismissed **with prejudice**. As this judgment **resolves all claims**, this is a final judgment."

By filing the Georgia Complaint, Thiede violated the Court's Order dismissing all claims, including his Counter-Claims for misappropriation of his likeness and image, **with prejudice.**

### III. LAW AND ARGUMENT

#### A. Jurisdiction.

A federal court maintains jurisdiction to enforce the settlement agreement when the parties' obligation to comply with the settlement is "part of the order of dismissal-either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994).

As set forth in the Court's Agreed Permanent Injunction and Final Judgment Entry: "This Court retains jurisdiction to enforce the terms of the Settlement Agreement and this Order". As set forth in Section XV of the Settlement Agreement and Mutual Release:

> "GOVERNING LAW:  The validity, construction, and interpretation of this Agreement shall be governed by the laws of the state of Ohio without regard to conflict of law principles. The Parties agree that the United States District Court for the Southern District of Ohio retains jurisdiction to enforce the terms of this Agreement. The Parties further agree that this Agreement and the Injunction and Judgment Entry may be enforced under any applicable civil or criminal law in either Ohio or Georgia, at Sharper's election."

The Court thus has continuing jurisdiction to enforce the terms of the Settlement Agreement and Final Judgment entry.

**B. The Settlement Agreement and Mutual Release is an Enforceable Contract.**

Public policy favor settling cases without litigation, and thus settlement agreements should be upheld whenever it is equitable to do so. *Graley v. Yellow Freight Sys*. 28–4166, 2000 WL799779 (6th Cir. 2000). A settlement agreement is a contract between the parties, and the court must apply the basic rules of contract law in interpreting and enforcing the terms of such an agreement, *Bamerilease Capital Corp. v. Nearburg,* 958 F 2d 152 (6th Cir 1992). In interpreting and enforcing a settlement agreement, the court must refer to substantive state law. *Id*. Here, the applicable law is Ohio contract law, since the settlement agreement was entered into in Ohio. *Edwards v. Hocking Valley Cmty. Hosp.*, 87 F App. 542 (6th Cir. 2004).

As the Supreme Court of Ohio has explained "it is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Ass'n v. Howard E. Ferguson Inc*., 74 Ohio State 3d 501 (1996). Under Ohio contract law, a court must give effect to the contract's express terms in determining the rights and objections of the parties and cannot, in effect, create a new contract by finding an intent not expressed in the clear language used by the parties. *Seminatore v. Medical Mut. of Ohio,* 737 N.E. 2d 1016, (2000). Once the parties reached a settlement agreement, it becomes a binding and cannot be repudiated by either party. *Klever v. City of Stow*, 13 Ohio App. 3d (1983).

By filing the Georgia Complaint for misappropriation of his image and likeness, Thiede breached the Mutual Release set forth in the Settlement Agreement.

> "In consideration of the specific terms contain herein and for other good and valuable consideration, Defendants, for themselves and for their respective Defendants Agents, do hereby release, acquit and forever discharge Sharper, and the Sharper Agents, **from any and all claims, demands, judgment, actions, causes of action, damages, losses, attorneys' fees, costs, expenses, and liabilities of any nature related to the Litigation, whether known or unknown, fixed or contingent, at law or in equity or otherwise, and**

6

**whether or not based on common law or any federal or state statute, whether suspected or unsuspected and whether now or previously or hereafter recognized, that Defendants have or may have against Sharper**. Notwithstanding anything to the contrary, this release excludes any action that may be taken by Defendants to enforce the terms of this Agreement." (Emphasis Added).

A court's primary objective when analyzing a written agreement is "to ascertain and give effect to the intent of the parties by examining the language that they choose to employ." *Savoy Hosp., L.L.C. v. 5839 Monroe St. Assocs., L.L.C.,* 2015 Ohio 4879. First, the court must determine whether the disputed language is "plain and unambiguous." *Id.* Language is unambiguous when it is "clear, definite, and subject to only one interpretation." *Id*. Contract language is ambiguous if it is "unclear, indefinite, and reasonably subject to dual interpretations." In the instant case, the Parties, with the assistance of legal counsel, negotiated a settlement that was a result of a brokered compromise. Terms of the Settlement Agreement were memorialized in this Court's Agreed Permanent Injunction and Final Judgment Entry (Doc. No. 35).  Thus, the Settlement Agreement and Mutual Release therein is non-ambiguous, binding and enforceable and Thiede's Georgia Complaint breaches the Release therein.

### C. Violation of the Court's Order.

By filing the Georgia Complaint, Thiede violated the Court's Order dismissing all claims, including his Counter-Claims for misappropriation of his likeness and image, **with prejudice.** Dismissal of a case "with prejudice" means an adjudication on its merits and final disposition, barring the right to bring or maintain an action on the same claim or cause, *Blacks Law Dictionary 6th Ed., Foundry Systems & Supply, Inc. v. Industry Development Corp.,* 124 Ga. App 589, 185 S.E.2nd 94, 95. "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to future action between the parties." *Montgomery v. Honda of Amer. Mfg.., Inc*. 47 F. App 342 (6th Cir. 2002). One of the primary purposes of a settlement

agreement is to put an end to litigation. *Gallano v. Harrah's Operating Co.,* 67 F. App 252 (5th Cir. 2003).

As previously indicated herein, the Parties negotiated in good faith, with the assistance of counsel, and reached an Agreed Settlement effectively terminating all claims and causes of action in this case. The Court adopted the Parties settlement with the understanding that all claims, including the Thiede's Counter-Claims for misappropriation of his image and likeness, were resolved. If either Party wished to preserve any of the claims in this case they could have bargained for a term to that effect in the settlement agreement, but neither Party took that step.

Based upon the Parties intentions to settle all claims in this case the Court dismissed the case "with prejudice" which bars any future attempt to pursue the same claims and causes of action. Thiede knowingly violated this Court's Order dismissing this case "with prejudice" by filing the Georgia Complaint with the same claims and causes of action.

**D. Contempt of Court and Sanctions Are Appropriate.**

By knowingly filing the Georgia Complaint in defiance of the Settlement Agreement and this Court's Order, Thiede is effectively in indirect contempt of this Court and subject to the appropriate sanctions. A Court may sanction a party under its inherent powers if it finds that the party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct was tantamount to bad faith," *United States v. Llanez-Garcia*, 735 F3d 43 (6th Cir. 2013). The authority to punish for contempt is an inherent power of all American courts. *Ex Parte Robinson*, 86 U.S. 505, 22 L. ED 205 (1874); *Hale v. State*, 55 Ohio St. 210, 45 N.E. 199 (1996). The contempt authority of District Courts plainly embraces the power "to enforce obedience to their lawful orders, judgments and processes." *Id*. It matters not whether the disobedience occurs in court or out. *Young v. United States, ex rel. Vuitton et Fils S.A*, 41 U.S. 787 (1987). Filing the

Georgia Complaint in direct violation of the Release in the Settlement Agreement and this Court's Order is clear and convincing evidence of Thiede knowingly violating the Agreement and Court Order and supports this Motion for contempt and sanctions.

In addition to this Court's discretionary authority to impose sanctions for contempt of the Court's Order, the Settlement Agreement and Mutual Release further holds in paragraph 1.A. 9:

> "The Parties agree that any breach of Defendants' obligations in Paragraph 1.A.1 or 3 of this Agreement or the Injunction and Judgment Entry by any Defendant shall result in irreparable harm to Sharper. In any action for contempt of court or otherwise, Sharper shall be entitled to immediate further injunctive relief. Sharper shall also be entitled to liquidated damages in the amount of $10,000 per violation, plus three times the total amount of any painting contract wrongfully performed by Defendants. Sharper shall also be entitled to an award of its attorneys' fees in any such enforcement proceeding, as well as recovery of its full attorneys' fees incurred in the Litigation, and any other remedies available at law or equity to which it may be entitled as a result of such breach. If any Defendant breaches this Agreement at a time when any amount of the Settlement Payment described below remains unpaid, the full amount of the remaining Settlement Payment, including accrued interest, shall become immediately due and payable."

The Settlement Agreement and Mutual Release further holds at paragraph IV.:

> "<u>ATTORNEY FEES</u>: In addition to the remedies to Sharper set forth elsewhere in this Agreement, in any proceeding alleging a breach of this Agreement, the prevailing Party shall be awarded its reasonable attorneys' fees and costs relating to that proceeding."

The Court's Agreed Permanent Injunction and Final Judgment Entry sets forth at paragraph 8:

> "Any violation of this Permanent Injunction by Thiede, Kerry Thiede, or KFP, shall result in irreparable harm to Sharper and Sharper shall be entitled to immediate further injunctive relief. Sharper shall also be entitled to its attorneys' fees and any other remedies available at law or equity to which it may be entitled as a result of such violation."

Pursuant to the terms of the Settlement Agreement and this Court's Order, Plaintiff is not only entitled to mandatory sanctions but also all costs and expenses incurred in enforcing the Settlement Agreement and Court Order, as well as **ALL** the fees and expenses incurred in pursuing the original cause of action against Thiede, as well as all costs and expenses incurred in defending the Georgia Complaint.

9

The terms and conditions of the Settlement Agreement and the Court Order were negotiated between the Parties and were definite and specific. Thiede has knowingly violated the Settlement Agreement and the Court's Order and should be subject to the appropriate sanctions and penalties.

## IV. CONCLUSION

As indicated herein and as reflected by the Exhibits attached to this Motion, Thiede has knowingly violated the Settlement Agreement and the Court's Order. Plaintiff respectfully requests this Court for an Order granting this Motion to Enforce the Settlement Agreement and Mutual Release and the Permanent Injunction and Final Judgment Entry in favor of Plaintiff and against Thiede. Plaintiff further respectfully requests this Court to grant the following relief:

A. An Order finding Thiede in violation of the Settlement Agreement and Mutual Release and the Permanent Injunction and Final Judgment and ordering Thiede to immediately dismiss the Georgia Complaint and fully comply with the Settlement Agreement and Mutual Release and the Permanent Injunction and Final Judgment Entry; and

B. An Order finding Thiede in contempt of this Court's Order and imposing the appropriate sanctions, including but not limited to an additional Ten Thousand dollar ($10,000.00) per day penalty for every day since the Georgia Complaint was filed until its dismissal and such other relief the Court deems appropriate; and

C. An Order finding that Thiede is in violation of the Settlement Agreement and Mutual Release and has triggered the penalty requirements set forth in paragraph 1.A.9 and in paragraph IV of the Agreed Permanent Injunction and Final Judgment Entry allowing for attorney fees and such other expenses in bringing this enforcement action and defending the Georgia Complaint as well as the retroactive application for payment of all costs incurred by Plaintiff in this Litigation.

D.   Such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Charles R. Dyas, Jr.*
Charles R. Dyas, Jr., Esq. (0034369)
**DYAS LAW, LLC**
P. O. Box 991
Marysville, Ohio 43040
Tel: (614) 499-5134
Fax 1-937-347-3431
cdyas@cdyaslaw.com

*Trial Attorney for Plaintiff Sharper Impressions Painting Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *MOTION TO ENFORCE PERMANENT INJUNCTION AND FINAL JUDGMENT ENTRY AND CONTEMPT OF COURT AND FOR SANCTIONS* as served through the court's ECF System on all ECF participants registered in this case at the email addresses registered with the court, by the Court's ECF System on June 21, 2022.

*/s/ Charles R. Dyas, Jr.*
Charles R. Dyas, Jr., Esq. (0034369)

*Trial Attorney for Plaintiff Sharper Impressions Painting Company*
