## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

**SHARPER IMPRESSIONS PAINTING CO.**,

    Plaintiff,

vs.

**MICHAEL THIEDE**, et al,

    Defendant,

Case No. 2:21-CV-02245

Judge Algenon L. Marbley

Magistrate Judge Chelsey M. Vascura

### DEFENDANT MICHAEL THIEDE'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT ENTRY AND CONTEMPT OF COURT AND REQUEST FOR SANCTIONS

COMES NOW Defendant Michael Thiede, by and through counsel, and responds to Plaintiff's Motion to Enforce Agreed Permanent Injunction and Final Judgment Entry and Contempt of Court and Request for Sanctions (Doc. No. 37) showing to the Court the following.

Defendants Response is supported by the attached Memorandum in Support and Exhibits thereto.

This 7th day of July, 2022

By: */s/ Samuel M. Schlein_____*
Samuel M. Schlein (0092194)
(sschlein@marshallforman.com)

---

DEBRANSKI & ASSOCIATES, LLC
321 Creekstone Ridge, Woodstock, GA 30188
Telephone 770-926-1957 Telecopier 770-926-8411 or visit us at www.Debranski.com

John S. Marshall (0015160)
(jmarshall@marshallforman.com)
Edward R. Forman (0076651)
(eforman@marshallforman.com)
Helen M. Robinson (0097070)
(hrobinson@marshallforman.com)

MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

*/s/Ronald F. Debranski II*
Ronald F. Debranski II
(Pro Hac Vice Application Pending)
Attorney for Michael Thiede
GA Bar No. 970355

Debranski & Associates, LLC
321 Creekstone Ridge
Woodstock, GA 30188
770-926-1957
Fax: 770-926-8411
ron@debranski.com

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

While Defendant, Michael Thiede, (hereinafter, "Mr. Thiede") agrees with Plaintiff's statement of the record which terminated on January 25, 2022, Plaintiff misstates the basis for the cause of action filed in United States District Court for the Northern District of Georgia, Civil Action File No. 1:22-CV-01838. (See Exhibit "A").

This matter was resolved in the instant action in January, 2022, beginning in

March of 2022, Plaintiff Sharper Impressions Painting Co. and its apparent subsidiary, Sharper Impressions Painting of Atlanta, LLC mailed multiple flyers continuing to trade on Mr. Thiede's image and likeness in Georgia.  (See Exhibits "B", "C", "D", and "E".  Copies of some of the flyers mailed clearly using Mr. Thiede's image are also attached.  (See Exhibit "F").

## II.    ARGUMENT AND CITATION OF AUTHORITY

The law in Ohio regarding res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel).  Grava v. Parkman Twp., 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995).  "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  Also see Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10; Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062; 46 American Jurisprudence 2d (1994) 780, Judgments, Section 516. (This case involves claim preclusion only.)

However, as here and as discussed in Roth v. Glueck, 2012-Ohio-4407, September 28, 2012, the claims in this lawsuit could not have been brought as claims in the first lawsuit because the conduct at issue had not even occurred

before the Order was entered. They did not arise out of the same transaction or occurrence as the claims brought in the first lawsuit because they did not have a common nucleus of operative facts.

As here, Glueck in <u>Roth</u> argued that the claims in the second lawsuit were either barred under the doctrine of res judicata or prohibited by a settlement agreement entered into by the parties. However, also as here, as the conduct that gave rise to the second action were never the subject of a valid, final judgment on the merits and, therefore, they are not barred under the doctrine of res judicata.

Plaintiff's actions giving rise to the Georgia action had not occurred when the instant case was resolved. These are new claims based on Plaintiff's subsequent tortious actions and do not "arise out of the same transaction or occurrence" that was the subject matter of the instant action.

In applying the doctrine of res judicata, the Ohio Supreme Court has clarified that the phrase "arising out of the same transaction or occurrence that was the subject matter of the previous action" means that the claims have a "common nucleus of operative facts." <u>Grava</u>, 73 Ohio St.3d at 382-383, 653 N.E.2d 226. A "common nucleus of operative facts" does not exist where there has been a change in circumstances. See <u>State v. Schwartz</u>, 1st Dist. No. C-040390, 2005-Ohio-3171, ¶ 9, citing <u>Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals</u>, 31 Ohio St.3d 260, 510 N.E.2d 373 (1987); see also <u>Grava</u> at 383.

In <u>Roth</u>, the Court ruled that the claims in the second lawsuit could not have been brought as claims in the first lawsuit because the conduct at issue had not even occurred before the Agreed Order was entered. The claims brought in the second lawsuit did not arise out of the same transaction or occurrence as the claims brought in the first lawsuit because they did not have a common nucleus of operative facts.

Further, as in Roth, there is nothing in the Settlement Agreement that contemplates Plaintiff committing future torts against Mr. Thiede or shields Plaintiff from liability based on those actions.

Thus, Mr. Thiede's claims are valid in the United States District Court for the Northern District of Georgia, Civil Action File No. 1:22-CV-01838 and there is no basis in law or fact for Plaintiff's Motion to Enforce Agreed Permanent Injunction and Final Judgment Entry and Contempt of Court and Request for Sanctions.

Wherefore, Defendant Michael Thiede humbly requests that this honorable Court Deny Plaintiff's motion.

This 7th day of July, 2022

By: <u>*/s/ Samuel M. Schlein*</u>
Samuel M. Schlein (0092194)
(sschlein@marshallforman.com)
John S. Marshall (0015160)
(jmarshall@marshallforman.com)
Edward R. Forman (0076651)
(eforman@marshallforman.com)
Helen M. Robinson (0097070)
(hrobinson@marshallforman.com)

---

DEBRANSKI & ASSOCIATES, LLC
321 Creekstone Ridge, Woodstock, GA 30188
Telephone 770-926-1957 Telecopier 770-926-8411 or visit us at www.Debranski.com

MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

/s/Ronald F. Debranski II
Ronald F. Debranski II
(Pro Hac Vice Application Pending)
Attorney for Michael Thiede
GA Bar No. 970355

Debranski & Associates, LLC
321 Creekstone Ridge
Woodstock, GA 30188
770-926-1957
Fax: 770-926-8411
ron@debranski.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT MICHAEL THIEDE'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT ENTRY AND CONTEMPT OF COURT AND REQUEST FOR SANCTIONS** was served through the court's ECF System on all ECF participants registered in this case at the email addresses registered with the court, by the Court's ECF System on July 7, 2022

By: /s/ Samuel M. Schlein
Samuel M. Schlein (0092194)
(sschlein@marshallforman.com)
John S. Marshall (0015160)
(jmarshall@marshallforman.com)
Edward R. Forman (0076651)
(eforman@marshallforman.com)
Helen M. Robinson (0097070)
(hrobinson@marshallforman.com)

MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296

(614) 463-9790
Fax (614) 463-9780

>/s/Ronald F. Debranski II
>Ronald F. Debranski II
>(Pro Hac Vice Application Pending)
>Attorney for Michael Thiede
>GA Bar No. 970355