**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHARPER IMPRESSIONS PAINTING CO, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-02245 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| MICHAEL THIEDE, et al | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO ENFORCE AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT ENTRY AND CONTEMPT OF COURT AND REQUEST FOR SANCTIONS**

Now comes Plaintiff, Sharper Impressions Painting Company (hereinafter "Plaintiff" or "Sharper"), by and through its undersigned counsel, and hereby files this Reply to Defendant's Response to Plaintiff's Motion to Enforce the Agreed Permanent Injunction and Final Judgment Entry (Doc. No. 35) and hold in contempt and impose Sanctions against Defendant Michael Thiede (hereinafter "Defendant" or "Thiede").

Plaintiff's Reply is supported by the attached Memorandum in Support.

Respectfully submitted,

*/s/ Charles R. Dyas, Jr.*
Charles R. Dyas, Jr., Esq. (0034369)
**DYAS LAW, LLC**
P. O. Box 991
Marysville, Ohio 43040
Tel: (614) 499-5134
Fax 1-937-347-3431
cdyas@cdyaslaw.com

*Trial Attorney for Plaintiff Sharper Impressions Painting Company*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION.**

On May 3, 2021, Plaintiff initiated this cause of action by filing a Complaint against Defendants Michael Thiede, Kerry Lynn Thiede, and Kerry's Fine Painting LLC for breach of Contract, Tortious Interference with Contract, Tortious Interference with Business Relations, and Injunctive Relief, (Doc. No. 1). Simultaneously with filing the Complaint Plaintiff filed a Motion for a Temporary Restraining Order, (Doc. No. 2). On May 11, 2021, this Court issued an Order granting a Temporary Restraining Order against Defendants, (Doc. No. 17). On May 17, 2021, the Parties filed an Agreed Preliminary Injunction, (Doc. No. 18).

Defendants filed an Answer (Doc. No. 21) and Amended Answer (Doc. No. 22) to Plaintiff's Complaint and asserted Counter-Claims for Commercial Misappropriation of Thiede's likeness and Unjust Enrichment and seeking damages in excess of $75,000.00.

The Parties participated in Mediation on November 22, 2022, (Doc. No. 29). Based upon the mediation, the Parties reached and agreed to a Settlement Agreement and Mutual Release (attached to Plaintiff's Motion as **Exhibit A).** On January 6, 2022, the Parties submitted an Agreed Permanent Injunction and Final Judgment entry to the Court (Doc. No. 34). The Court issued an Agreed Permanent Injunction and Final Judgment entry on January 25, 2022, and retained jurisdiction of this matter, (Doc. No. 35).

**II.    THIEDE'S RESPONSE INDICATES A COMPLETE DISREGARD FOR THIS COURT'S JURISDICTION AND ORDER.**

    **A.**   **Thiede's Response to Plaintiff's Motion to Enforce the Judgment Entry in this Case Ignores the Plain Language in the Judgment Entry and Settlement Agreement.**

By filing the Georgia Complaint, Thiede breached the Mutual Release set forth in the Settlement Agreement, which states as follows:

> "In consideration of the specific terms contain herein and for other good and valuable consideration, Defendants, for themselves and for their respective Defendants Agents, do hereby release, acquit and forever discharge Sharper, and the Sharper Agents, **from any and all claims, demands, judgment, actions, causes of action, damages, losses, attorneys' fees, costs, expenses, and liabilities of any nature related to the Litigation, whether known or unknown, fixed or contingent, at law or in equity or otherwise, and whether or not based on common law or any federal or state statute, whether suspected or unsuspected and whether now or previously or hereafter recognized, that Defendants have or may have against Sharper**. Notwithstanding anything to the contrary, this release excludes any action that may be taken by Defendants to enforce the terms of this Agreement." (Emphasis added).

Thiede's Amended Answer and Counter-Claims for Commercial Misappropriation of Thiede's likeness and Unjust Enrichment and seeking damages in excess of $75,000.00 in this case was effectively settled by the Settlement Agreement and Mutual Release.

By entering into the Settlement Agreement and Mutual Release, Thiede waived any right to pursue any cause of action against Plaintiff, or its subsidiaries, related to his Counter-Claims for Misappropriation of his likeness. The allegations set forth in the Georgia Complaint are seeking damages from Plaintiff for the alleged use of Thiede's photograph on Plaintiff's marketing flyers. Essentially the same allegations as he set forth in his Counter-Claims in this case.

In the response from Thiede's Counsel and his inapplicable estoppel argument, he attempts to distinguish the allegations in the Georgia Complaint by indicating the distribution of the Plaintiff's marketing material occurred recently and is not barred by the Mutual Release in this case. Thiede's justification for the Georgia Complaint fails since the Mutual Release clearly includes all claims, known or unknown and whether now or previously or hereafter recognized, that Thiede had or may have against Plaintiff. The Mutual Release addresses any claim that Thiede may have against Plaintiff for the alleged misappropriation of his likeness or image at any point in time. The Mutual Release is not limited by any time, place, or other constraints and applies

to all past, present, or future claims for identical allegations, including those set forth in Thiede's Georgia Complaint. Thiede's estoppel argument fails on its face since the Mutual Release clearly bars any and all claims.

> **B. Thiede Ignored this Court's Jurisdiction over this Case by Breaching the Court's Agreed Permanent Injunction and Final Judgment Entry (Doc No. 35).**

As set forth in the Court's Agreed Permanent Injunction and Final Judgment Entry: "This Court retains jurisdiction to enforce the terms of the Settlement Agreement and this Order". As set forth in Section XV of the Settlement Agreement and Mutual Release:

> "GOVERNING LAW: The validity, construction, and interpretation of this Agreement shall be governed by the laws of the state of Ohio without regard to conflict of law principles. The Parties agree that the United States District Court for the Southern District of Ohio retains jurisdiction to enforce the terms of this Agreement. The Parties further agree that this Agreement and the Injunction and Judgment Entry may be enforced under any applicable civil or criminal law in either Ohio or Georgia, at Sharper's election."

Instead of requesting this Court to modify its order or renegotiate the terms of the Settlement Agreement based on his recent allegations, Defendant instead decided to pursue a separate cause of action by filing the Georgia complaint. Defendant's decision to file a separate complaint in Georgia not only disregards this Court's jurisdiction over all matters in this dispute but also requires Plaintiff to unnecessarily expend time and resources to defend the Georgia case.

Based on the plain language of the Settlement Agreement and this Court's Judgment Entry, it is clear that the Parties intended this Court to retain jurisdiction over this matter. A federal court maintains jurisdiction to enforce the settlement agreement when the parties' obligation to comply with the settlement is "part of the order of dismissal-either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994). The Sixth Circuit has indicated that a district court's retention of jurisdiction over a

settlement agreement, as contemplated by *Kokkonen*, "only requires a reasonable indication that the court has retained jurisdiction." *RE/MAX Int'l, Inc. v. Realty one, Inc.*, 271 F.3d 633, 643 (6th Cir. 2001), cert. denied, 535 U.S. 987 (2002). As set forth in the final sentence of this Court's Judgment Entry (Doc. No. 35), **"This Court retains jurisdiction to enforce the terms of the Settlement Agreement and this Order."** (Emphasis added).

In addition, Paragraph 10 of the Judgment Entry specifically holds:

"All other claims asserted in this action are hereby dismissed **with prejudice**. As this judgment **resolves all claims**, this is a final judgment." (Emphasis added).

By filing the Georgia Complaint, not only did Thiede disregard this Court's jurisdictional authority over this case but further violated the Court's Order dismissing all claims, including his Counter-Claims for misappropriation of his likeness and image, **with prejudice.**

### III. CONCLUSION

It is apparent from Defendant's Georgia Complaint and Response to Plaintiff's Motion to Enforce the Judgment Entry that he is attempting an end run around this Court's jurisdiction and the terms of the Settlement Agreement and Judgment Entry. Thiede has knowingly violated the Settlement Agreement and the Court's Order and should be subject to the appropriate sanctions and penalties. Plaintiff respectfully requests this Court for an Order granting Plaintiff's Motion to Enforce the Settlement Agreement and Mutual Release and the Permanent Injunction and Final Judgment Entry in favor of Plaintiff and against Thiede. Plaintiff further respectfully requests this Court to grant the following relief:

A. An Order finding Thiede in violation of the Settlement Agreement and Mutual Release and the Permanent Injunction and Final Judgment and ordering Thiede to immediately

dismiss the Georgia Complaint and fully comply with the Settlement Agreement and Mutual Release and the Permanent Injunction and Final Judgment Entry; and

B. An Order finding Thiede in contempt of this Court's Order and imposing the appropriate sanctions, including but not limited to an additional Ten Thousand dollars ($10,000.00) per day penalty for every day since the Georgia Complaint was filed until its dismissal and such other relief the Court deems appropriate; and

C. An Order finding that Thiede is in violation of the Settlement Agreement and Mutual Release and has triggered the penalty requirements set forth in paragraph 1.A.9 and in paragraph IV of the Agreed Permanent Injunction and Final Judgment Entry allowing for attorney fees and such other expenses in bringing this enforcement action and defending the Georgia Complaint as well as the retroactive application for payment of all costs incurred by Plaintiff in this Litigation.

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Charles R. Dyas, Jr.*
Charles R. Dyas, Jr., Esq. (0034369)
**DYAS LAW, LLC**
P. O. Box 991
Marysville, Ohio 43040
Tel: (614) 499-5134
Fax 1-937-347-3431
cdyas@cdyaslaw.com

*Trial Attorney for Plaintiff Sharper Impressions Painting Company*

6

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing *PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO ENFORCE AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT ENTRY AND CONTEMPT OF COURT AND REQUEST FOR SANCTIONS* as served through the court's ECF System on all ECF participants registered in this case at the email addresses registered with the court, by the Court's ECF System on July 15, 2022.

                */s/ Charles R. Dyas, Jr.*_____
                Charles R. Dyas, Jr., Esq. (0034369)

                *Trial Attorney for Plaintiff Sharper*
                *Impressions Painting Company*