# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SHARPER IMPRESSIONS PAINTING CO., | |
| Plaintiff, | Case No. 2:21-CV-02245 |
| vs. | Judge Algenon L. Marbley |
| **MICHAEL THIEDE**, et al, | Magistrate Judge Chelsey M. Vascura |
| Defendant, | |

## DEFENDANT MICHAEL THIEDE'S SECOND RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT ENTRY AND CONTEMPT OF COURT AND REQUEST FOR SANCTIONS

COMES NOW Defendant Michael Thiede, by and through counsel, and files this Response to Plaintiff's Reply to Defendant's Response to Motion to Enforce Agreed Permanent Injunction and Final Judgment Entry and Contempt of Court and Request for Sanctions (Doc. No. 45) showing to the Court the following.

Defendants Response is supported by the attached Memorandum in Support and Exhibits thereto.

This 26th day of July, 2022

> */s/Ronald F. Debranski II*
> Ronald F. Debranski II
> Attorney for Michael Thiede
> GA Bar No. 970355

---

DEBRANSKI & ASSOCIATES, LLC
321 Creekstone Ridge, Woodstock, GA 30188
Telephone 770-926-1957 Telecopier 770-926-8411 or visit us at www.Debranski.com

Thiede 2nd Response to Motion 2

Debranski & Associates, LLC
321 Creekstone Ridge
Woodstock, GA 30188
770-926-1957
Fax: 770-926-8411
ron@debranski.com

        By: */s/ Samuel M. Schlein*_____
        Samuel M. Schlein (0092194)
        (sschlein@marshallforman.com)

        John S. Marshall (0015160)
        (jmarshall@marshallforman.com)
        Edward R. Forman (0076651)
        (eforman@marshallforman.com)
        Helen M. Robinson (0097070)
        (hrobinson@marshallforman.com)

MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

Thiede 2nd Response to Motion 3

## MEMORANDUM IN SUPPORT

I. **INTRODUCTION**

Defendant, Michael Thiede, (hereinafter, "Mr. Thiede") again reiterates that the instant action terminated on January 25, 2022. Plaintiff then committed new misappropriation of Mr. Thiede's likeness in an effort to trade on Mr. Thiede's reputation in the marked in March and April of 2022. As previously stated, Plaintiff Sharper Impressions Painting Co. and its apparent subsidiary, Sharper Impressions Painting of Atlanta, LLC mailed multiple flyers continuing to trade on Mr. Thiede's image and likeness in Georgia. (See Doc. 43 Exhibits "B", "C", "D", and "E" and "F").

II. **ARGUMENT AND CITATION OF AUTHORITY**

While Mr. Thiede might agree that the Settlement Agreement and Mutual Release resolve all issues prior to the termination of this action, they do not serve to absolve Plaintiff of liability from future torts it commits. Here, it is clear that after concluding this matter in January of 2022, Plaintiff used Mr. Thiede's image without Mr. Thiede's permission in advertisements sent to thousands of households in Georgia.

The law in Ohio regarding res judicata involves both claim preclusion

Thiede 2nd Response to Motion 4

(historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). Grava v. Parkman Twp., 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Also see Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10; Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062; 46 American Jurisprudence 2d (1994) 780, Judgments, Section 516. (This case involves claim preclusion only.) However, after this case ended, Plaintiff blatantly chose to commit further intentional actions to harm Mr. Thiede.

As discussed in Roth v. Glueck, 2012-Ohio-4407, September 28, 2012, the claims in this lawsuit could not have been brought as claims in the first lawsuit because the conduct at issue had not even occurred before the Order was entered. They did not arise out of the same transaction or occurrence as the claims brought in the first lawsuit because they did not have a common nucleus of operative facts.

As here, Glueck in Roth argued that the claims in the second lawsuit were either barred under the doctrine of res judicata or prohibited by a settlement agreement entered into by the parties. However, also as here, the conduct that gave

Thiede 2nd Response to Motion 5

rise to the second action were never the subject of a valid, final judgment on the merits and, therefore, they are not barred under the doctrine of res judicata.

Plaintiff's actions giving rise to the Georgia action had not occurred when the instant case was resolved. These are new claims based on Plaintiff's subsequent tortious actions and do not "arise out of the same transaction or occurrence" that was the subject matter of the instant action.

In applying the doctrine of res judicata, the Ohio Supreme Court has clarified that the phrase "arising out of the same transaction or occurrence that was the subject matter of the previous action" means that the claims have a "common nucleus of operative facts." Grava, 73 Ohio St.3d at 382-383, 653 N.E.2d 226. A "common nucleus of operative facts" does not exist where there has been a change in circumstances. See State v. Schwartz, 1st Dist. No. C-040390, 2005-Ohio-3171, ¶ 9, citing Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals, 31 Ohio St.3d 260, 510 N.E.2d 373 (1987); see also Grava at 383.

In Roth, the Court ruled that the claims in the second lawsuit could not have been brought as claims in the first lawsuit because the conduct at issue had not even occurred before the Agreed Order was entered. The claims brought in the second lawsuit did not arise out of the same transaction or occurrence as the claims brought in the first lawsuit because they did not have a common nucleus of operative facts.

Thiede 2nd Response to Motion 6

Further, as in Roth, there is nothing in the Settlement Agreement that contemplates Plaintiff committing future torts against Mr. Thiede or shields Plaintiff from liability based on those actions.

Again, as previously quoted in <u>Roth v. Glueck</u>, 2012-Ohio-4407, September 28, 2012, the claims in this lawsuit could not have been brought as claims in the first lawsuit because the conduct at issue had not even occurred before the Order was entered. They did not arise out of the same transaction or occurrence as the claims brought in the first lawsuit because they did not have a common nucleus of operative facts.

Thus, Mr. Thiede's claims are valid in the United States District Court for the Northern District of Georgia, Civil Action File No. 1:22-CV-01838 and there is no basis in law or fact for Plaintiff's Motion to Enforce Agreed Permanent Injunction and Final Judgment Entry and Contempt of Court and Request for Sanctions.

**B.     Thiede Filed A New Lawsuit in Georgia Based on Plaintiff's New Independent Actions**.

Mr. Thiede agrees that there is a Governing Law provision of the Agreed Permanent Injunction and Final Judgment Entry. Mr. Thiede also agrees that Paragraph 10 states "[a]ll other claims asserted in this action are hereby dismissed with prejudice. As this judgment resolves all claims this is a final judgment."

However, it is clear that the claims in the Georgia action arise from Plaintiff's

Thiede 2nd Response to Motion 7

intentional actions subsequent to this action being finalized. Thus, those actions could not have been contemplated and cannot be governed by the Agreed Permanent Injunction and Final Judgment. Thus, Plaintiff's reliance on <u>Kokkonen v. Guardian Life Ins. Cop. Of America</u>, 511 U.S. 375 (1974) and RE/MAX Int'l, Inc. V. Realty One, Inc., 271 F.3d 633, 643 (6th Cir. 2001) are inapplicable to facts in this case.

Wherefore, Defendant Michael Thiede humbly requests that this honorable Court Deny Plaintiff's Motion to Enforce Agreed Permanent Injunction and Final Judgment Entry and Contempt of Court and Request for Sanctions in its entirety.

This 26th day of July, 2022

/s/Ronald F. Debranski II
Ronald F. Debranski II
Attorney for Michael Thiede
GA Bar No. 970355

Debranski & Associates, LLC
321 Creekstone Ridge
Woodstock, GA 30188
770-926-1957
Fax: 770-926-8411
ron@debranski.com

By: /s/ Samuel M. Schlein
Samuel M. Schlein (0092194)
(sschlein@marshallforman.com)
John S. Marshall (0015160)
(jmarshall@marshallforman.com)
Edward R. Forman (0076651)
(eforman@marshallforman.com)
Helen M. Robinson (0097070)

---

Thiede 2nd Response to Motion 8

(hrobinson@marshallforman.com)

MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT MICHAEL THIEDE'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT ENTRY AND CONTEMPT OF COURT AND REQUEST FOR SANCTIONS** was served through the court's ECF System on all ECF participants registered in this case at the email addresses registered with the court, by the Court's ECF System on July 26, 2022

*/s/Ronald F. Debranski II*
Ronald F. Debranski II
Attorney for Michael Thiede
GA Bar No. 970355

By: */s/ Samuel M. Schlein*_____
Samuel M. Schlein (0092194)
(sschlein@marshallforman.com)
John S. Marshall (0015160)
(jmarshall@marshallforman.com)
Edward R. Forman (0076651)
(eforman@marshallforman.com)
Helen M. Robinson (0097070)
(hrobinson@marshallforman.com)

MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

---